**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLAN WINTERS, | : | Civil No. 09-4243 (NLH) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| WARDEN, FCI FORT DIX, | : | |
| Respondents. | : | |

It appearing that:

1. On or about August 16, 2009, Allan Winters, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to place him in a community corrections center ("CCC") for 12 months violates the Second Chance Act, as interpreted in <u>Strong v. Schultz</u>, 599 F. Supp. 2d 556 (D.N.J. 2009).

2. The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. <u>See</u> 18 U.S.C. § 3624(c).

3. Petitioner asserts the following facts. Petitioner is serving a 63-month sentence and his projected release date is

October 24, 2010, with his final 12 months of incarceration to begin on October 24, 2009.  Petitioner "was not given any information [regarding his CCC placement] until pressed, until just 14 months prior to his good conduct release date." (Pet. ¶ 14.)  On June 16, 2009, Petitioner submitted an inmate request form to Ms. McKinnon requesting consideration for a 12-month CCC placement.  The response, dated July 16, 2009, states that the unit team will review Petitioner's placement in two to four weeks.  On August 7, 2009, Petitioner submitted an informal resolution form (BP-8) to his correctional counselor, in which Petitioner states that he was told he would receive a five to six-month CCC placement, but he would like to be considered for 12 months in accordance with Strong v. Schultz.  On August 7, 2009, the unit manager responded, stating that it was determined that a five to six-month placement was appropriate.  On August 10, 2009, Petitioner submitted an administrative remedy request (BP-9) to the Warden regarding a 12-month placement.  Petitioner seeks a preliminary injunction directing Respondent to comply with the standard set in Strong v. Schultz for consideration of a 12-month placement.

    4.  The Habeas Rules require the assigned judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

    5.   The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the

> court must summarily dismiss the petition
> without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

    6.  The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13.  If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden.  See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11).  See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal. Id.  The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days.  See 28 C.F.R. § 542.18.  And the regulation provides that if the inmate does not receive a response within the time allotted for

reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

    7.  Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

    8.  Petitioner admits that he did not exhaust administrative remedies by pursuing relief from the Regional Director or the Central Office.  He maintains that he should be excused from pursuing administrative relief for the following reasons: (a) Respondent has made administrative relief unavailable by failing

5

to determine Petitioner's CCC placement date early enough for Petitioner to exhaust administrative relief, which normally takes six months, so "the full process of exhaustion will deprive the Petitioner of the specific relief that he is seeking, i.e., twelve month prerelease placement in a CCC" (Pet. ¶ 13); (b) exhaustion would be futile, as "Respondent informed this Petitioner that the Respondent is not obligated to comply with the Court (Strong v. Schultz decision in this same District of New Jersey)" (Pet. ¶ 9); and (c) Judge Bumb excused exhaustion in Strong.

    9.  This Court rejects Petitioner's contention that exhaustion should be excused because Respondent made administrative relief unavailable by failing to inform Petitioner of his placement date prior to April 24, 2009 (18 months before his projected release date of October 24, 2010).  Congress adopted the Second Chance Act on April 9, 2008.  Petitioner knew since April 9, 2008, that if he were given a 12-month CCC placement, his placement would begin on October 24, 2009.[1]  Petitioner has shown no reason why he could not have pursued administrative relief 18 months prior to his projected release date of October 24, 2010.

---

[1] Moreover, Judge Bumb issued her decision in Strong v. Schultz on February 26, 2009.

10. Petitioner next contends that exhaustion would be futile and he should be excused from pursuing administrative relief because "Respondent informed this Petitioner that the Respondent <u>is not</u> obligated to comply with the Court (<u>Strong v. Schultz</u> decision in this same District of New Jersey)." (Pet. ¶ 9.) The verbal statement of the warden does not make exhaustion futile, since the warden may respond differently to an administrative remedy request. Even if the warden states in the administrative remedy response that staff at FCI Fort Dix need not comply with <u>Strong v. Schultz</u>, the Regional Director or the Central Office may disagree. Thus, the warden's statement does not render exhaustion futile.

11. Finally, Petitioner maintains that he should be excused from pursuing administrative relief because Judge Bumb excused exhaustion in <u>Strong</u>. However, unlike Petitioner, (a) Strong pursued all three levels of the Administrative Remedy Program regarding the failure to be considered for placement under the Second Chance Act; and (b) Strong thereafter received an institutional referral date for a six-month CCC placement, which was expressly based on a letter from the BOP limiting placements to six months. Here, Petitioner has not exhausted the entire three step administrative process at least once. Moreover, the BOP has not issued any written placement decision in Petitioner's

7

case which relies on the BOP's letter limiting placements to six months.

    12.  Under these circumstances, this Court sees no reason to excuse Petitioner's failure to exhaust administrative remedies. See Brown v. Grondolsky, 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that exhaustion was unavailable because the warden did not consider CCC placement prior to the final 12-month period of sentence and futile because warden said it was not necessary to comply with Strong); Huggins v. Grondolsky, 2009 WL 2413658 (D.N.J. Aug. 4, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that the time sensitive nature of CCC placement excused failure to exhaust); Cooper v. Grondolsky, 2009 WL 2049168 (D.N.J. July 8, 2009) (same); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of administrative remedies is ever required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

    13.  Because Petitioner failed to exhaust administrative remedies regarding the failure to give him a 12-month CCC

placement under the Second Chance Act and Petitioner has not shown why the failure to pursue administrative relief should be excused, this Court will dismiss the Petition for failure to exhaust administrative remedies.  Id. The dismissal is without prejudice to the filing of a new § 2241 petition after Petitioner exhausts administrative relief.  See Lindsay v. Williamson, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

14.  An appropriate Order accompanies this Memorandum Opinion.

                                           /s/ NOEL L. HILLMAN
                                           **NOEL L. HILLMAN, U.S.D.J.**

Date: September 10, 2009
At Camden, New Jersey